## T. D. LEWIS v. METCALF, MOORE & CO.

CONVERSION—*Sale of Hogs by Agent.* Where the petition of the plaintiff alleges that the defendants wrongfully obtained the possession of certain hogs belonging to him, and converted them to their own use, and the proof shows that the hogs were shipped to the defendants by the plaintiff's agent, who had authority so to do, for sale, and they were sold by the defendants under such authority, and where no amendment to the plaintiff's petition is made, *held*, that a demurrer to the plaintiff's evidence was properly sustained, even though it appears that the defendants have not paid to plaintiff, or his agent, the proceeds of the property sold.

### *Error from Wyandotte District Court.*

ACTION by *Lewis* against *Metcalf, Moore & Co.* for conversion. From a judgment sustaining a demurrer to the evidence, the plaintiff brings error. The opinion herein, filed April 7, 1894, states the facts.

*Hutchings & Keplinger,* for plaintiff in error.

*W. C. Scarritt,* for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The petition in this case alleges, among other things:

"That on the 6th day of April, 1888, one W. H. Morris, a resident of the county of Crawford, in the state of Kansas, was the owner of 200 head of hogs, which were then kept on the farm of said W. H. Morris, in said Crawford county; that on said 6th day of April, 1888, the said W. H. Morris executed to plaintiff a chattel mortgage to secure the pay-

ment of the sum of $1,000, and thereby conveyed to said plaintiff the said hogs, which said mortgage plaintiff caused to be filed and duly recorded in the office of register of deeds of said county of Crawford on the 19th day of April, 1888, and by virtue of said mortgage plaintiff became and was the owner of and entitled to the possession of said hogs; that on the 10th day of October, 1888, the said defendants wrongfully, and without the consent of the plaintiff, obtained possession of said hogs, and converted the same to their own use, to the damage of plaintiff $1,000."

The defendants answered, admitting their partnership, and denying all other allegations of the petition. The evidence offered by plaintiff showed that the hogs in controversy were shipped by Morris to the defendants for sale, and that Morris was authorized by Lewis to make such sale and receive the proceeds. It is contended that the defendants failed to pay the proceeds of the sale of the hogs either to the plaintiff, or his agent, and this action seems to have been tried on the theory that their failure to pay over the proceeds rendered the defendants wrongdoers *ab initio*. As a subsequent action was prosecuted by the plaintiff against the same parties, alleging a lawful sale, but a refusal to pay over the proceeds, which case was also argued and submitted with this one, and as counsel for the plaintiff do not seem to rely on their position in this action, we deem it unnecessary to make any extended comments either on the facts or the law in this case. Under the proof, it is clear that the defendants came lawfully into the possession of the hogs, and sold them under authority from the plaintiff's agent. No amendment to the plaintiff's petition was made or offered. There was, therefore, a failure of proof to support the plaintiff's case, and a demurrer to the testimony offered in his behalf was properly sustained by the court.

Judgment affirmed.

All the Justices concurring.